THE STATE, EX REL. BREWER, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE, ET AL.

[Cite as State, ex rel. Brewer, *v.* Indus. Comm. (1984), 12 Ohio St. 3d 23.]

(No. 83-1407—Decided July 3, 1984.)

*Messrs. Janes & Janes, Mr. T. Andrew Janes* and *Mr. Charles L. Janes,* for appellant.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. Renny J. Tyson,* for appellee.

*Per Curiam.* Appellant argues that the commission's order of October 27, 1981 was final and not subject to modification pursuant to R.C. 4123.52 in the absence of evidence of new or changed conditions. *State* v. *Ohio Stove Co.* (1950), 154 Ohio St. 27 [42 O.O. 117].

The commission submits, and the court of appeals found, that the initial order was clearly provisional pending further evaluation of appellant's claim. We agree.

The first sentence of the commission's decision states that "the claimant

is Permanently and Totally Disabled," and makes an award "for such disability." Appellant contends that this finding is conclusive upon the commission. The award, however, is limited to the period beginning February 10, 1981 (the date when appellant's motion was filed) and ending October 27, 1982 (exactly one year after the initial order was issued). This limitation, in itself, is indicative of the order's provisional nature.

The language following the limited award clearly identifies the commission's intent to subject appellant's claim to further review. Appellant was to be evaluated by the rehabilitation division after which his file was to be reexamined by the legal section. Then the matter was to be reset. In short, the order itself provides the best support for the commission's argument that it was provisional and, therefore, subject to change.

If the October 27, 1981 order was provisional, then the inquiry focuses on the order of December 27, 1982. With that order the commission denied appellant's motion for permanent and total disability "based particularly on the medical report of Dr. McCloud * * *." Dr. McCloud's report stated that appellant "does not present with [sic] medical evidence consistent with considering him * * * [permanently totally impaired]." Inasmuch as mandamus will not lie where there is some evidence in the record to support the commission's findings, mandamus is inappropriate in the instant appeal. *State, ex rel. Wallace,* v. *Indus. Comm.* (1979), 57 Ohio St. 2d 55 [11 O.O.3d 216].

Assuming *arguendo* that the initial order was provisional, the commission argues that evidence subsequently gathered provides it with authority to invoke its continuing jurisdiction and modify its earlier findings.[1]

Appellant correctly contends that the initial order, if provisional, depended upon his potential for rehabilitation. Inasmuch as he was found to have no potential for rehabilitation, appellant reasons that the findings in the initial order should have been affirmed. Appellant's reasoning ignores the fact that his incapacity for rehabilitation was regarded as being categorically unrelated to his allowed conditions.[2] Even if the initial order was final, the rehabilitation report provided ample support for the commission's exercise of continuing jurisdiction and subsequent modification of its earlier findings. This court has consistently held that a claimant's disability must result from an allowed condition in order for it to be compensable. *Gilbert* v. *Midland-Ross* (1981), 67 Ohio St. 2d 267 [21 O.O.3d 168]. The commission's findings are supported by the record. They will not, therefore, be disturbed. *State, ex rel. General Motors Corp.,* v. *Indus. Comm.* (1975), 42 Ohio St. 2d 278 [73 O.O.2d 255].

---

[1] The commission did not vacate the limited award made on October 27, 1981, but modified the findings upon which the award was made.

[2] Both the rehabilitation consultant and the psychologist concluded that appellant was a poor candidate for rehabilitation due to factors *other than his injury,* including his tendency to engage in antisocial behavior, his personal belief that he is unable to work, and his resistance to treatment.

The judgment of the court of appeals is accordingly affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER and HOLMES, JJ., concur.

C. BROWN and J. P. CELEBREZZE, JJ., concur separately.

W. BROWN, J., concurs in judgment only.

CLIFFORD F. BROWN, J., concurring. My concurrence in the judgment does not need the aid of the "some evidence" standard as expressed in *State, ex rel. Wallace, v. Indus. Comm.* (1979), 57 Ohio St. 2d 55 [11 O.O.3d 216], and in many other cases since 1979.

The court of appeals correctly determined that the commission's order entered October 27, 1981, finding relator was permanently and totally disabled, was provisional and that relator would be evaluated further after his rehabilitation potential was determined.

The court of appeals properly found that the commission in issuing its December 27, 1982 order upon reconsideration evaluated the rehabilitation report which was prepared and filed after the first commission order of October 27, 1981, and that this report alone supports the final order of the commission because it represents new evidence of relator's condition. The report on relator's potential for rehabilitation reveals that relator is a poor candidate for rehabilitation due to his strong feelings that he is not able to return to work, his resistance to treatment, his antisocial behavior, including incarceration, his ongoing reinforcement for illness behaviors and his lack of motivation.

The commission on December 27, 1982 had the power to reconsider its October 27, 1981 order of permanent and total disability by reason of R.C. 4123.52 which gives it continuing jurisdiction to revoke and modify its orders.

J. P. CELEBREZZE, J., concurs in the foregoing concurring opinion.