803 F.2d 718
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DAVID D. CAMPBELL, Plaintiff-Appellant
v.
RAYMOND A. CONNORS, THE STATE OF OHIO, BUREAU OF WORKERS
COMPENSATION, Defendant-Appellee.
 No. 85-3327.
 United States Court of Appeals, Sixth Circuit.
 Sept. 2, 1986.
 
 BEFORE: KEITH, NELSON and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff, David Campbell, alleges the Ohio Bureau of Worker's Compensation deprived him of his constitutional rights by suspending his worker's compensation payments. A trial was held before a duly assigned Magistrate on November 23, 1983. In a Report and Recommendation issued March 9, 1984, the Magistrate found for the Worker's Compensation Bureau. The Recommendation of the Magistrate was approved on March 20, 1985, by the District Court, Southern District of Ohio, Western Division, Judge Rubin, presiding. We find plaintiff fails to state a claim cognizable under 42 U.S.C. Sec. 1983 (1982). Accordingly, we affirm the judgment below.
 
 
 2
 Plaintiff brings suit under 42 U.S.C. Sec. 1983 (1982) for deprivation of property, due process, and equal protection violations. Plaintiff's claim arises from a June 24, 1980, Order of the Industrial Commission of Ohio, which in pertinent part states:
 
 
 3
 It is the decision of the Industrial Commission to find that the claimant is permanently and totally disabled, that compensation for such award be paid from the date of last payment until June 30, 1982, refer this file to Mr. Maher's office to evaluate claimant's rehabilitation potential; matter is to be reset with notices to all parties prior to June 30, 1982. (Typographical Errors Corrected)
 
 
 4
 The crux of plaintiff's grievance is his assertion that the Bureau of Worker's Compensation was mandatorily obliged to pay benefits pursuant to the June 24, 1980, finding of "permanent and total" disability. Ohio Rev. Code Ann. Sec. 4123.58(A) (Anderson 1980), provides in pertinent part:
 
 
 5
 In cases of permanent total disability, the employee shall receive an award to continue until his death . . .
 
 
 6
 In our view, Section 4123.58(A) must be read in conjunction with Section 4121.61 [REHABILITATION OF INJURED WORKERS] enacted in 1979, which states, in pertinent part:
 
 
 7
 The Industrial Commission shall adopt rules, take measures and make expenditures as it deems necessary to aid claimants who have sustained compensable occupational diseases pursuant to Chapter 4123 . . . . to return to work or to assist in lessening or removing any resulting handicap.
 
 
 8
 Thus, as a matter of statutory construction, Campbell's claim lacks merit. It is eminently reasonable for the Bureau of Worker's Compensation to condition "lifetime" benefits on claimant's rehabilitative ability. Although the statutes, when read in conjunction, may raise some ambiguities, it is not up to the federal courts to remedy arguably ambiguous legislative drafting, particularly when no constitutional rights are at stake. Furthermore, the Ohio Supreme Court in State ex rel. Brewer v. Industrial Commission, 12 Ohio St. 3d 23, 465 N.E.2d 389 (1984), approved the provisional nature of Worker's Compensation Awards. In Brewer, like the instant case, the Commission issued an order finding "the claimant is permanently and totally disabled." Id. 24-25. Nonetheless, the court looked to the intent of the order, and found compensation to be conditional on appellant's rehbilitative capacity. Likewise, the language in the instant order indicates the Commission's intent that compensation be conditional on appellant's rehabilitative capacity.
 
 
 9
 Plaintiff's claims do not rise to a constitutional level. The record indicates that the Industrial Commission scheduled Campbell for two examinations by their specialists on September 29, 1982, and October 20, 1982, to determine if Campbell was eligible to receive permanent and total disability benefits beyond June 30, 1982. Campbell did not appear for either examination, stating "I'm never going to deal with the Bureau if it means starvation and death." The benefits have been held in abeyance, and have not been terminated. If claimant attends a hearing, he theoretically may be compensated for any benefits due.
 
 
 10
 Parratt v. Taylor, 451 U.S. 527 (1981), is dispositive of this case insofar as there is no cause of action under Sec. 1983 if the state provides an adequate remedy for alleged constitutional violations. It is clear that claimant has not pursued his state avenues of redress; indeed he has purposefully thwarted state procedures by not showing up for disability hearings. Thus, plaintiff has failed to state a cause of action under 42 U.S.C. Sec. 1983 (1982). Accordingly, the judgment below is affirmed.