THE STATE EX REL. DIDIANO *v.* BESHARA ET AL.

[Cite as *State ex rel. Didiano v. Beshara* (1992), 65 Ohio St.3d 256.]

(No. 92–1200—Submitted October 20, 1992—Decided December 16, 1992.)

---

*Green, Haines, Sgambati, Murphy & Macala Co., L.P.A., Ronald E. Slipski* and *Steven L. Paulson,* for relator.

*Lee I. Fisher,* Attorney General, and *Jetta Mencer,* Assistant Attorney General, for respondent Industrial Commission.

*Per Curiam.* R.C. 4123.58(A) provides:

"In cases of permanent total disability, the employee *shall* receive an award *to continue until his death * * *.*" (Emphasis added.)

R.C. 4123.58 establishes a claimant's right to uninterrupted compensation once permanent total disability is found. That finding, however, may be changed under the commission's continuing jurisdiction under R.C. 4123.52. *State ex rel. Brewer v. Indus. Comm.* (1984), 12 Ohio St.3d 23, 12 OBR 20, 465 N.E.2d 389. *Brewer* involved an order that in all relevant respects mirrors that at bar:

" '[T]he claimant is Permanently and Totally Disabled * * *[;] compensation for such disability [is to] be awarded from 2–10–81 to be paid until 10–27–82. Refer the claimant and file * * * for evaluation of Claimant's rehabilitation potential * * *[;] once this information is on file, refer this file to the Legal Section for preparation of a supplemental statement of facts and then this matter is to be reset * * *.' " *Id.* at 24, 12 OBR at 21, 465 N.E.2d at 390.

The commission subsequently issued an order finding that the claimant was no longer permanently and totally disabled and terminated compensation. We upheld the commission's action, finding, *inter alia,* that the second order constituted a proper exercise of continuing jurisdiction.

The commission maintains that its order was merely interlocutory, and that it ordered payment for a fixed period only. *Brewer,* however, undermines the commission's position. While it indeed declares that continuing jurisdiction can be used to terminate previously awarded permanent total disability benefits, it also indicates that termination must be preceded by a finding that the recipient is no longer permanently and totally disabled. Here, the commission, unlike in *Brewer,* never issued a follow-up order—the Bureau of Workers' Compensation just quit paying. Thus, the commission and the bureau abused their discretion by terminating claimant's compensation without an affirmative finding that he was no longer permanently and totally disabled.

Claimant also maintains that under due process, his benefits may not be terminated without prior hearing. We are uncertain, however, whether he is asserting a right to an *oral* hearing or merely a right to respond to the rehabilitation report that he suspects underlies the commission's termination of permanent total disability compensation. While we agree that claimant must be allowed to respond to evidence obtained after the permanent total disability hearing (*State ex rel. Canter v. Indus. Comm.* [1986], 28 Ohio St.3d 377, 28 OBR 437, 504 N.E.2d 26), we disagree with the suggestion that oral rebuttal, under these facts, is required. See *State ex rel. Owens–Illinois, Inc. v. Indus. Comm.* (1991), 61 Ohio St.3d 456, 575 N.E.2d 202.

In conclusion, we find that the commission abused its discretion in discontinuing claimant's permanent total disability benefits without issuing a finding that claimant was not permanently and totally disabled. Accordingly, we grant the requested writ of mandamus.

*Writ allowed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.