[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 255.]

THE STATE EX REL. DIDIANO *v.* BESHARA ET AL.

[Cite as *State ex rel. Didiano v. Beshara*, 1995-Ohio-190.]

*Mandamus to compel Industrial Commission to restore permanent total disability benefits—Writ allowed when commission did not consider all allowed conditions before disallowing permanent total disability compensation.*

(No. 93-2406—Submitted February 21, 1995—Decided May 24, 1995.)

IN MANDAMUS.

_____

{¶ 1} Relator-claimant Gregory Didiano's workers' compensation claim was allowed for "dorsal back strain and disc syndrome; major depression." On December 4, 1990, respondent Industrial Commission of Ohio awarded claimant permanent total disability compensation based on the reports of Drs. Skevos M. Zervos, Benjamin Moorstein, Paul Steurer, and A.D. Vamvas, Jr. Although there were no conditions on continued receipt of the award, the commission, for reasons unknown, thereafter issued several orders that continued to extend permanent total disability compensation in increments.

{¶ 2} On March 3, 1992, the commission, without further order, stopped paying claimant permanent total disability compensation. Claimant successfully challenged that termination by an action in mandamus. In *State ex rel. Didiano v. Beshara* (1992), 65 Ohio St.3d 256, 602 N.E.2d 1157 ("*Didiano I*"), we found that the commission abused its discretion in discontinuing claimant's permanent total disability compensation benefits absent a finding that claimant was not permanently and totally disabled.

{¶ 3} Numerous medical reports followed. Among them were the reports of Drs. Joseph A. DiDomenico, and Gary I. Katz, both of whom found that claimant's back conditions did not preclude sustained remunerative employment.

Dr. Katz went further, finding that, orthopedically, claimant could return to his former position of employment.

{¶ 4} On January 19, 1993, the commission discontinued claimant's permanent total disability compensation, finding that claimant could perform sustained remunerative work. The order relied on the reports of Drs. Katz, DiDomenico, Moorstein, Steurer, and Vamvas.

{¶ 5} This cause is now before this court brought by claimant in mandamus, seeking restoration of his permanent total disability benefits.

_____

*Green, Haines, Sgambati, Murphy & Macala Co., L.P.A., Ronald E. Slipski* and *Steven L. Paulson*, for relator.

*Betty D. Montgomery*, Attorney General, and *Dennis L. Hufstader*, Assistant Attorney General, for respondent.

_____

***Per Curiam.***

{¶ 6} In *Didiano I*, we prevented the commission from stopping permanent total disability compensation without a finding that claimant was no longer permanently and totally disabled. The commission has since made such a finding. Among the objections to that determination is claimant's assertion that the finding is unsupported by "some evidence." Upon review, we concur.

{¶ 7} Claimant's cessation of permanent total disability compensation was premised on the reports of five physicians. Because the commission relied on the reports of Drs. Moorstein, Vamvas and Steurer in support of its original permanent total disability award, those three reports cannot now be "some evidence" supporting its denial of further benefits. *State ex rel. Zamora v. Indus. Comm.* (1989), 45 Ohio St.3d 17, 543 N.E.2d 87.

{¶ 8} With the removal of these three reports, only the reports of Drs. Katz and DiDomenico remain. These two doctors, however, limited their opinions to

claimant's orthopedic conditions. There is no indication that the commission factored in claimant's serious psychiatric condition before disallowing permanent total disability compensation. Because the commission cannot discontinue permanent total disability compensation without considering all allowed conditions, the commission erred in stopping permanent total disability benefits.

{¶ 9} Accordingly, the writ of mandamus is allowed.

*Writ allowed.*

Moyer, C.J., Douglas, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

Wright and Cook, JJ., dissent.

———————————

**WRIGHT, J., dissenting.**

{¶ 10} Hardened by some of the results obtained of late in this class of cases, I am merely puzzled by the outcome in this matter. However, I would suspect that the Industrial Commission's posture will be a bit stronger than a sense of bewilderment.

{¶ 11} In *State ex rel. Didiano v. Beshara* (1992), 65 Ohio St.3d 256, 602 N.E.2d 1157 ("*Didiano I*"), this court *unanimously* granted a writ of mandamus indicating that a peremptory discontinuation of this claimant's permanent total disability benefits without a finding that "claimant was not permanently and totally disabled" was an abuse of discretion.

{¶ 12} In *Didiano I*, we stated that R.C. 4123.58 "establishes a claimant's right to uninterrupted compensation once permanent total disability is found." *Id.* at 257, 602 N.E.2d at 1157. However, we indicated without reservation that such a finding "may be changed under the commission's continuing jurisdiction under R.C. 4123.52," *id.*, citing *State ex rel. Brewer v. Indus. Comm.* (1984), 12 Ohio St.3d 23, 12 OBR 20, 465 N.E.2d 389. *Brewer*, as stated in *Didiano I*, involved an order very similar to the one in this case. In *Brewer*, the commission had originally determined that the claimant was permanently and totally disabled, but limited the

award to a specific time period. The commission subsequently issued an order finding the claimant was no longer permanently and totally disabled and terminated compensation. We upheld the commission's action, finding, *inter alia*, that the second order constituted a proper exercise of continuing jurisdiction because the limited award clearly indicated that the commission's order was provisional and subject to change and clearly evinced the commission's intent to review further the appellant's claim. *Id.* at 25, 12 OBR at 21, 465 N.E.2d at 390.

{¶ 13} In this case, the commission's original order awarding permanent total disability compensation also was expressly limited to a specific time period, thus indicating the provisional nature of its award. In *Didiano I*, we appropriately *returned* the cause for further proceedings, per *Brewer*. These proceedings most certainly took place. Didiano was reexamined by Drs. Gary I. Katz and Joseph A. DiDomenico, both of whom made clear-cut findings that claimant's back condition did not preclude sustained remunerative employment. Dr. Katz found no objective symptoms to support Didiano's subjective complaints and determined that claimant could return to his former position of employment. The commission, considering the previous findings of Drs. Moorstein, Steurer, and Vamvas, along with those of Drs. Katz and DiDomenico, discontinued permanent total disability benefits for Didiano.[1] Citing *State ex rel. Zamora v. Indus. Comm.* (1989), 45 Ohio St.3d 17,

---

1. Dr. Paul A. Steurer's report concluded: "Based on my history and physical examination, based on reasonable medical probability and certainty, and using the AMA guidelines of impairment, Mr. Didiano is not totally permanently prohibited from all sustained remunerative employment due strictly to his orthopedic problem. I feel that he has a 30% permanent partial impairment with respect to the whole man."

Dr. Benjamin Moorstein's report stated: "At this time Mr. DiDiano is estimated to have a partial psychological impairment of 25% to the body as a whole."

Dr. Katz's report opined: "I feel this represents a cervical and thoracic myofascitis secondary to the injury in 1982. There are no objective findings in this case. I feel [Mr. Didiano] is able to work as a janitor as he previously did with no restrictions. He does not require rehabilitation and I feel he has reached maximum medical improvement. He does not require any more medications or physical therapy treatments. In view of the findings at this time, I feel he is entitled to a permanent partial impairment of 20% (twenty percent) of the body as a whole based on my exam and on reasonable medical probability and certainty and using the AMA guidelines."

543 N.E.2d 87, the majority states that the reports of Drs. Moorstein, Vamvas, and Steurer cannot constitute "some evidence" to support the denial of a permanent total disability award. However, the *Zamora* case simply does not apply to the circumstances of this case.[2] We have held repeatedly that the commission has continuing jurisdiction in cases such as the one before us. We ordered the commission to make a finding similar in character to the one before us. Surely the findings of Dr. Katz and his colleague constitute "some evidence" to support the commission's decision. *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936, syllabus. The commission exercised its expertise and granted an appropriate amount of permanent total disability compensation in this matter, and the commission's decision in this matter surely should be affirmed.

{¶ 14} Therefore, I respectfully dissent.

COOK, J., concurs in the foregoing dissenting opinion.

――――――――――――――

2. In *Zamora, supra,* the regional board had concluded that the claimant was permanently and totally disabled, implicitly rejecting Dr. Kogut's report, which stated that the claimant had a moderate mental impairment of "40-55%." The commission, however, denied the claimant a permanent total disability award, expressly relying on Dr. Kogut's report. This court held that Dr. Kogut's report could not constitute "some evidence" against a finding of a permanent and total disability because "it would be inconsistent to permit the commission to reject the Kogut report at one level, for whatever reason, and rely on it at another." *Id*. at 19, 543 N.E.2d at 89. In stark contrast, this case does not involve inconsistencies between different *levels* of review by the commission. Expressly maintaining its continuing jurisdiction, the commission merely changed its position in light of new medical evidence submitted *in combination with* the medical evidence that existed at the time of the commission's original order.