THE STATE EX REL. DRAGANIC, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLANT.

[Cite as *State ex rel. Draganic v. Indus. Comm.* (1996), 75 Ohio St.3d 461.]

(No. 94–2403—Submitted March 5, 1996—Decided May 15, 1996.)

*Garson & Associates Co., L.P.A.,* and *Grace A. Szubski,* for appellee.

*Betty D. Montgomery,* Attorney General, *Michael P. O'Grady, Gerald H. Waterman* and *Elizabeth M. Wolf,* Assistant Attorneys General, for appellant.

---

*Per Curiam.* Two questions are presented: (1) Was the commission bound by its deputy's determination that claimant was permanently and totally disabled? (2) If not, is permanent total disability compensation nevertheless compelled by *Gay?* For the reasons to follow, we answer both questions in the negative.

The jurisdictional question posed by the appellate court's decision arose out of now repealed commission resolution R89–1–009, which read:

"(A)(3) * * * [T]he issues of temporary total and permanent total disability shall be scheduled for hearing on a special hearing docket. A staff hearing officer of the Industrial Commission shall serve in the capacity of a district hearing officer on the issue of temporary total disability and as a Deputy of the Industrial Commission pursuant to Section 4121.06 O.R.C. on the issue of permanent total disability compensation.

" * * *

"(C)(1) After the issue of temporary total disability is adjudicated the issue of permanent total disability shall be considered by the hearing officer as a Deputy of the Industrial Commission. Should the Deputy of the Industrial Commission find that the claimant is permanently totally disabled, the Deputy shall prepare an interlocutory order granting permanent total disability compensation for a specific 'closed end' period of time, subject to the approval and confirmation of the Industrial Commission. The order shall be separate and distinct from the order issued under the provisions of Section (B) of the instant Resolution. An explanatory letter will be directed to the claimant and will accompany all interlocutory orders of permanent and total disability issued under this procedure.

" * * *

"(3) At the end of the time period stated within the Deputy's order awarding permanent total disability, the issue of continued entitlement to permanent total disability compensation will be set for hearing before the members of the Industrial Commission.

" * * *

"(5) The payment of permanent total disability compensation will cease upon the expiration of the closed end period of time ordered by the Deputy of the Industrial Commission unless specifically extended by order of the Industrial Commission.

"(D) Should the Deputy of the Industrial Commission determine that permanent total disability compensation is not payable based on evidence before the Deputy of the Industrial Commission, the Deputy shall hold the issue of permanent total disability in abeyance and refer the same to the members of the Industrial Commission for adjudication."

The contested order before us resembles, in several relevant respects, the order at issue in State ex rel. Brewer v. Indus. Comm. (1984), 12 Ohio St.3d 23, 12 OBR 20, 465 N.E.2d 389. There, in response to a claimant's permanent total disability motion, the commission ordered:

" '[T]hat the claimant is Permanently and Totally Disabled, that compensation for such disability be awarded from 2–10–81 to be paid until 10–27–82. Refer the claimant and file to Mr. Armstrong's office for evaluation of Claimant's rehabilitation potential, that once this information is on file, refer this file to the Legal Section for preparation of a supplemental statement of facts and then this matter is to be reset * * *.' " Id. at 24, 12 OBR at 21, 465 N.E.2d at 390.

After its review of the rehabilitation report, the commission found that claimant was not permanently and totally disabled, and denied further compensation. The claimant challenged the latter order, arguing that "the commission's order of October 27, 1981 was final and not subject to modification subject to R.C. 4123.52 in the absence of new or changed conditions." Id.

We disagreed, finding that the order was not final, but was instead "clearly provisional pending further evaluation of appellant's claim." Id. We reasoned:

"The first sentence of the commission's decision states that 'the claimant is Permanently and Totally Disabled,' and makes an award for 'such disability.' Appellant contends that this finding is conclusive upon the commission. The award, however, is limited to the period beginning February 10, 1981 (the date when appellant's motion was filed) and ending October 27, 1982 (exactly one year after the initial order was issued). This limitation, in itself, is indicative of the order's provisional nature.

"The language following the limited award clearly identifies the commission's intent to subject appellant's claim to further review. Appellant was to be evaluated by the rehabilitation division after which his file was to be reexamined by the legal section. Then the matter was to be reset. In short, the order itself provides the best support for the commission's argument that it was provisional

and, therefore, subject to change." *Id.* at 24–25, 12 OBR at 21, 465 N.E.2d at 390.

*Brewer's* logic is equally applicable here. The present order's language clearly indicated that the award was for a closed period only and was subject to change. The commission did not, therefore, abuse its discretion in refusing to extend compensation.

Claimant alternately argues that if the deputy's order is not controlling, *Gay* dictates permanent total disability compensation nonetheless. This contention is unpersuasive.

Claimant was only fifty-five years old when permanent total disability compensation was denied, and possessed a high school education. Dr. Kaffen, on whom the commission relied, gave evidence from which the commission found claimant capable of sedentary work. Given our recent decisions in *State ex rel. Pass v. C.S.T. Extraction Co.* (1996), 74 Ohio St.3d 373, 658 N.E.2d 1055, *State ex rel. Bryant v. Indus. Comm.* (1996), 74 Ohio St.3d 458, 659 N.E.2d 1256, and *State ex rel. DeZarn v. Indus. Comm.* (1996), 74 Ohio St.3d 461, 659 N.E.2d 1259, *Gay* relief is inappropriate.

Accordingly, the judgment of the court of appeals is reversed.

*Judgment reversed.*

MOYER, C.J., F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

DOUGLAS and RESNICK, JJ., dissent.

WRIGHT, J., not participating.