[This opinion has been published in *Ohio Official Reports* at 82 Ohio St.3d 293.]

THE STATE EX REL. GIBSON, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Gibson v. Indus. Comm*., 1998-Ohio-244.]

*Workers' compensation—Application for permanent total disability compensation denied by Industrial Commission—Commission not bound by a prior interlocutory order of permanent total disability compensation— Commission's order complies with State ex rel. Noll when it adequately explains its reasoning.*

(No. 95-2084—Submitted May 27, 1998—Decided July 1, 1998.)

APPEAL from the Court of Appeals for Franklin County, No. 94APD10-1451.

———————————

{¶ 1} Appellant-claimant, Vernon E. Gibson, sustained two injuries, in 1980 and 1986, while in the course of and arising from his employment with appellee Ohio State University. His workers' compensation claims have been collectively allowed for "right ankle; twisted left shoulder; deep venous thrombosis, right leg; torn left rotator cuff."

{¶ 2} In 1990, claimant moved appellee Industrial Commission of Ohio for permanent total disability ("PTD") compensation. In a February 25, 1991 interlocutory order, the commission awarded PTD compensation for a closed period. Following the expiration of that period, the commission, on May 10, 1994, denied further PTD benefits, writing:

"The reports of [Doctors] Thomas Ambrose, Tom Reynolds, John Schwarzell, Phillip Jeffers, Paul Dillahunt and James Allen were reviewed and evaluated. This order is based particularly upon the reports as stated in the body of the order.

" * * *

"The claimant's IC-2 [permanent total disability application] is accompanied by the report of Dr. Thomas Ambrose. However, Dr. Ambrose does not indicate that claimant is permanently and totally disabled and thus does not support the IC-2. Dr. Ambrose specifically limits the claimant only from heavy labor. He further states that claimant is capable of a more sedentary type of employment. * * *

"H. Tom Reynolds, M.D., performed an independent physical examination on all the allowed [orthopedic] conditions and provided a detailed narrative report. His report and opinion are found persuasive. He finds the claimant capable of sedentary and light work with no lifting above shoulder level with the left arm and no repetitive motions with the left arm. He notes the claimant is right hand dominant while the injury is to the left shoulder.

"John Schwarzell, M.D., performed an independent physical examination on the claimant's deep venous thrombosis right leg. His physical examination findings are found persuasive as he is the only [physician] who examined this condition. His findings were very minimal * * *. He states no physical restrictions due to the allowed condition and considering the minimal findings no restrictions are found. There is no contrary medical evidence on this condition. * * *

"Based on the above stated medical reports[,] it is found that claimant is capable of working within the physical levels and restrictions indicated by Dr. Reynolds.

" * * *

"The claimant went through the tenth grade. He later obtained his G.E.D. high school equivalency. This indicates he has the ability to learn and shows good intellectual and educational skills. This is supported by looking at his prior occupations as an industrial air conditioner repairman and air quality technician (air analyst). Pursuant to the Dictionary of Occupational Titles (DOT), these jobs require math and language skills up to at least level three (the air analyst goes up to

the level four). This indicates mathematical abilities including algebra; geometry; the ability to compute discount, interest, profit and loss, commission, markups, selling price, ratio and proportion and percentages and the ability to calculate surfaces, valumes [*sic*], weights and measures. This level of language skills includes the ability to read novels, encyclopedias; to read safety rules, instructions manuals, and guidelines for such things as shop tools, mechanical drawing and layout work. The claimant's educational level and demonstrated math and language skills indicate he has the intelligence, education and skills needed to do, or retrain to, at least the same levels of work he has done in the past.

"The levels of work that claimant has done in the past vary from unskilled, beefcutter (trimmer), to skilled air quality technician (air analyst) and industrial air conditioner repairman, per the DOT. The claimant has also worked as a truck unloader and crane operator. This work history shows he has the ability to learn and to do all levels of work, unskilled, semi-skilled and skilled.

"The claimant has previously worked as a crane operator. Pursuant to the DOT there are three crane operator positions that are in the light work classifications. * * * The descriptions of these jobs in the DOT would appear to fit within the claimant's other restrictions of no 'lifting' over shoulder level and no 'repetitive' motions with the left arm. Since the claimant has done this type of job in the past[,] his skills would be transferable[,] and minimal, if any, retraining would be necessary. Based on this it is found the claimant is capable of returning to this former occupation.

"Further, the claimant is 51 years old which indicates he has approximately 14 working years left. This is plenty of time to retrain to semi-skilled work as the DOT indicates such jobs require no more than six months of vocational preparation. It is noted the claimant last worked in 1986 at age 43. He has had no surgeries for the allowed injuries since 1986. He has thus had seven years in which to attempt to retrain. There is no evidence that such has occurred. However, he was referred

to the Rehabilitation Division in 1989 and 1992. Unfortunately[,] on both occasions he was found to be medically unstable due primarily to his nonallowed obesity and cardiac conditions.

"Finally, it is noted that there are numerous sedentary semi-skilled jobs in the DOT that fit within the claimant's physical restrictions. With his age, education and proven math and language abilities he has the ability to retrain. The examples of some possible positions from various occupational fields include map clerk (Ins.), history card clerk (Light & Power), credit-card clerk (Financial), jacket preparer (Print & Pub.), brand recorder (Gov. Ser.), insurance clerk, manicurist, routing clerk and telephone operator.

"Based on the above stated law, facts and analysis, it is found the claimant is capable of sustained gainful employment and the IC-2 is denied."

{¶ 3} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying continued PTD compensation. The court of appeals denied the writ.

{¶ 4} This cause is now before this court upon an appeal as of right.

————————————

*William P. Bringman Co., L.P.A*., and *William P. Bringman,* for appellant.

*Betty D. Montgomery*, Attorney General, and *William A. Thorman III*, Assistant Attorney General, for appellee Industrial Commission.

*Betty D. Montgomery*, Attorney General, *Porter, Wright, Morris & Arthur* and *Brian D. Hall*, Special Counsel, and *John J. Biancamano*, Assistant Attorney General, for appellee Ohio State University.

————————————

*Per Curiam*.

{¶ 5} *State ex rel. Draganic v. Indus. Comm*. (1996), 75 Ohio St.3d 461, 663 N.E.2d 929, held that the commission was not bound by a prior interlocutory

order of PTD compensation. The commission did not, therefore, abuse its discretion in denying further PTD compensation on this basis.

{¶ 6} We also find that the commission's order adequately explains the reasoning, thereby complying with *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245. Because *Noll* compliance negates any right to relief under *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666, claimant's request for relief consistent with *Gay* is not well taken.

{¶ 7} Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., dissents.

_____