[This opinion has been published in *Ohio Official Reports* at 83 Ohio St.3d 355.]

THE STATE EX REL. DRAGANIC, APPELLANT, *v.* INDUSTRIAL COMMISSION OF

OHIO, APPELLEE.

[Cite as *State ex rel. Draganic v. Indus. Comm.*, 1998-Ohio-48.]

*Workers' compensation—Application for permanent total disability compensation denied by Industrial Commission—Appeal to Supreme Court dismissed as moot, when.*

(No. 96-90—Submitted September 16, 1998—Decided October 14, 1998.)

APPEAL from the Court of Appeals for Franklin County, No. 93APD10-1491.

_____

{¶ 1} Appellant-claimant Pete A. Draganic, Jr.'s 1962 workers' compensation claim was allowed for knee and back conditions. In 1991, he moved appellee Industrial Commission of Ohio for permanent total disability compensation ("PTD"). In a January 10, 1992 interlocutory order, a commission deputy awarded claimant PTD from January 11, 1992 to April 21, 1992 only. The order also stated:

"It is the finding of the Commission that the claimant is permanently and totally disabled; that compensation for such disability be awarded from 1/11/92 to 4/21/92; further payment of compensation to be considered at the next scheduled hearing on the issue of continuation of permanent and total disability * * *.

"Claim files to be referred to the Legal Section for preparation of a statement of facts to be completed within 43 days from the date of publication of this order and then set for hearing before the members of the Industrial Commission on the issue of continuation of the award of permanent and total disability compensation."

{¶ 2} The commission subsequently denied further compensation, after finding that claimant could do sustained remunerative employment. Claimant filed

a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying further PTD. The court of appeals agreed, after finding that the commission was bound by its January 10, 1992 order. The commission appealed that judgment to this court on November 7, 1994.

{¶ 3} Attempting to force the commission to pay PTD during the pendency of the appeal to this court, claimant filed a contempt motion in the court of appeals. The commission responded with a memorandum contra and a motion to stay the court of appeals' judgment. On December 6, 1995, the court of appeals denied the claimant's contempt motion and granted the commission's motion for stay. Claimant's request for reconsideration was denied.

{¶ 4} Claimant appeals that judgment to this court.

————————————

*Garson & Associates Co., L.P.A., David L. Meyerson* and *Grace A. Szubski*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Gerald H. Waterman*, Assistant Attorney General, for appellee.

————————————

***Per Curiam.***

{¶ 5} Subsequent to the completion of briefing in this case, we decided *State ex rel. Draganic v. Indus. Comm.* (1996), 75 Ohio St.3d 461, 663 N.E.2d 929. There, we held that the commission was not bound by its January 10, 1992 interlocutory order and did not abuse its discretion in denying PTD subsequent to April 20, 1992. Claimant's appeal is, therefore, moot, and it is dismissed.

*Appeal dismissed.*

MOYER, C.J., PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, RESNICK and F.E. SWEENEY, JJ., dissent.

————————————