THE STATE EX REL. HALL, APPELLEE, *v.* INDUSTRIAL
COMMISSION OF OHIO, APPELLANT, ET AL.

[Cite as *State ex rel. Hall v. Indus. Comm.* (1997), 80 Ohio St.3d 289.]

(No. 95–903—Submitted October 21, 1997—Decided November 19, 1997.)

*Cloppert, Portman, Sauter, Latanick & Foley* and *Frederic A. Portman,* for appellee.

*Betty D. Montgomery,* Attorney General, and *Dennis L. Hufstader,* Assistant Attorney General, for appellant.

***Per Curiam.*** The court of appeals vacated the commission's order and directed it to issue a new order finding that claimant continued to be permanently and totally disabled. Upon review, we affirm that judgment, but do so for reasons other than those relied upon by that court.

In *State ex rel. Draganic v. Indus. Comm.* (1996), 75 Ohio St.3d 461, 663 N.E.2d 929, issued subsequent to the lower court's decision in this case, we reversed the judgment of the court of appeals. In *Draganic,* we held that the commission is not required to extend permanent total disability compensation beyond the date specified in an interlocutory permanent total disability order.

This leaves us to address the commission's evidentiary defense of its order. Upon so doing, we find that the commission's order not only does not meet *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245, but also that claimant qualifies for relief consistent with *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666.

The commission's order clearly defies *Noll*—a deficiency that is prerequisite to any consideration of *Gay* relief. The commission's decision was based on claimant's age, a factor which the commission felt made claimant amenable to retraining. Age, however, is immaterial if claimant lacks the intellectual capacity to learn. The claimant has a sixth-grade education and is illiterate. His work history consists entirely of extremely heavy physical labor that is now well beyond his physical capacities. There is no explanation as to how or for what jobs claimant is able to retrain.

These factors not only compel a finding of *Noll* insufficiency, but the issuance of relief pursuant to *Gay* as well. Since it is almost impossible to conceive of a sedentary position for which an illiterate person with a background in heavy labor is qualified, we find that a return of the cause to the commission for further consideration would be futile.

Accordingly, the judgment of the court of appeals is affirmed, but for the reasons stated above.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.