[This opinion has been published in *Ohio Official Reports* at 80 Ohio St.3d 289.]

THE STATE EX REL. HALL, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLANT, ET AL.

[Cite as *State ex rel. Hall v. Indus. Comm*., 1997-Ohio-113.]

*Workers' compensation—Industrial Commission's denial of application for permanent total disability compensation an abuse of discretion, when.*

(No. 95-903—Submitted October 21, 1997—Decided November 19, 1997.)

APPEAL from the Court of Appeals for Franklin County, No. 94APD03-285.

_____

{¶ 1} Claimant-appellee Matt Hall's workers' compensation claim has been allowed for "lumbosacral strain; aggravation of pre-existing arthritis of the lumbar spine; [and] aggravation of pre-existing dysthymic disorder." Claimant apparently never returned to work after his injury and received temporary total disability compensation thereafter.

{¶ 2} In 1988, claimant moved appellant Industrial Commission of Ohio for permanent total disability compensation. On September 26, 1990, a hearing was held before a commission staff hearing officer on the issues of continued temporary total disability compensation and permanent total disability compensa-tion. The staff hearing officer terminated temporary total compensation after finding that the claimant's condition had become permanent. On the issue of permanent total disability, the staff hearing officer, sitting as deputy of the commission pursuant to R.C. 4121.06, issued the following order:

"FINDINGS OF FACT AND ORDER OF THE COMMISSION

"INTERLOCUTORY ORDER

"It is the finding of the Commission that the claimant is permanently and totally disabled; that compensation for such disability be awarded from 9-27-90 to 1-6-91; further payment of compensation to be considered at the next scheduled

hearing on the issue of continuation of permanent and total disability; that the Application be granted to the extent of this order * * *.

"Claim files to be referred to the Legal Section for preparation of a statement of facts to be completed within 43 days from the date of publication of this memorandum and then set for hearing before the members of the Industrial Commission on the issue of permanent and total disability compensation.

"The reports of doctor(s) Villarreal, Turton, Turner, Dillahunt, Lowe & Vocational Evaluation were reviewed and evaluated.

"This order is based particularly upon the reports of doctor(s) Villarreal, Turton, Turner, Dillahunt, Lowe & Vocational Evaluation[,] a consideration of the claimant's age, education, work history and other disability factors including physical, psychological and sociological, that are contained in the instant application, the evidence in the file and the evidence adduced at the hearing, including the Permanent Total Hearing Worksheet.

"* * *

"CLOSED AWARD."

{¶ 3} After protracted administrative and judicial proceedings, claimant's permanent total disability application again came before staff hearing officers. The order, approved by a commission majority, denied further permanent total disability compensation, stating:

"The Commission finds from proof of record that the claimant is not permanently and totally disabled for the reason that the disability is not total; that is, the claimant is able to perform sustained remunerative employment; that therefore the Application for Permanent and Total Disability filed December 7, 1988, be denied.

"The medical report(s) of Dr.(s) Turner, Turton, Dillahunt, Villarreal and Lowe were reviewed and evaluated. The findings and order are based particularly

on the medical report(s) of [Drs.] Turner, Turton and Dillahunt, the evidence in the file and the evidence adduced at [the] hearing.

"The August 3, 1989 report from Dr. Turner (Orthopedist examining at the request of the Industrial Commission) stated the claimant had a 30% permanent partial impairment due to the allowed orthopedic condition. He stated the claimant would be able to engage in sustained remunerative employment. Significantly, his testing found normal lumbar motion with the alignment of the lumbar spine in normal condition. The motor exam was also within normal limits. The August 3, 1989 report from Dr. Turton (psychiatrist examining at the request of the Industrial Commission) stated that claimant had a 20% permanent partial impairment due to the allowed psychiatric conditions. He indicated the allowed psychiatric condition was not work restrictive. Significantly, the testing by Dr. Turton found no delusions or hallucinations and no change in the rhythm of his speech. In addition, the claimant's judgment and ability to reason were adequate. The October 25, 1989, combined effects review by Dr. Dillahunt (combined effects opinion at request of Industrial Commission) stated the claimant had a combined 56% permanent partial impairment due to the allowed conditions. This was divided with 30% for the lumbosacral strain; 10% for the aggravation of pre-existing lumbar arthritis; and 30% for the aggravation of dysthymic disorder. When applying these impairment findings to the disability factors, the claimant would be able to return to some form of sustained remunerative employment. The claimant's education (completed the 6th grade and is functionally illiterate) and his previous work history (laborer, timber cutter, industrial production worker, and construction) would be barriers to rehabilitation and retraining to more sedentary employment. However, the claimant is only 53 years old and * * * young enough * * * to make retraining and rehabilitation a probability. The psychiatric and physical impairment findings by the previously mentioned specialists would not prevent this rehabilitation and retraining effort. Also, significantly, the claimant has not received surgery to

correct the allowed physical conditions although he has been hospitalized several times. With consideration given to all of these factors, the claimant is not found to be permanently and totally disabled."

{¶ 4} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying permanent total disability compensation. The court agreed, finding that, absent new and changed circumstances, the commission had no authority to deviate from the September 26, 1990 finding of permanent total disability, citing *State ex rel. Draganic v. Indus. Comm.* (Sept. 22, 1994), Franklin App. No. 93APD10-1491, unreported, 1994 WL 521157.

{¶ 5} The cause is now before this court upon an appeal as of right.

_____

*Cloppert, Portman, Sauter, Latanick & Foley* and *Frederic A. Portman,* for appellee.

*Betty D. Montgomery,* Attorney General*,* and *Dennis L. Hufstader,* Assistant Attorney General, for appellant.

_____

***Per Curiam.***

{¶ 6} The court of appeals vacated the commission's order and directed it to issue a new order finding that claimant continued to be permanently and totally disabled. Upon review, we affirm that judgment, but do so for reasons other than those relied upon by that court.

{¶ 7} In *State ex rel. Draganic v Indus. Comm.* (1996), 75 Ohio St.3d 461, 663 N.E.2d 929, issued subsequent to the lower court's decision in this case, we reversed the judgment of the court of appeals. In *Draganic,* we held that the commission is not required to extend permanent total disability compensation beyond the date specified in an interlocutory permanent total disability order.

**{¶ 8}** This leaves us to address the commission's evidentiary defense of its order. Upon so doing, we find that the commission's order not only does not meet *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245, but also that claimant qualifies for relief consistent with *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666.

**{¶ 9}** The commission's order clearly defies *Noll*—a deficiency that is prerequisite to any consideration of *Gay* relief. The commission's decision was based on claimant's age, a factor which the commission felt made claimant amenable to retraining. Age, however, is immaterial if claimant lacks the intellectual capacity to learn. The claimant has a sixth-grade education and is illiterate. His work history consists entirely of extremely heavy physical labor that is now well beyond his physical capacities. There is no explanation as to how or for what jobs claimant is able to retrain.

**{¶ 10}** These factors not only compel a finding of *Noll* insufficiency, but the issuance of relief pursuant to *Gay* as well. Since it is almost impossible to conceive of a sedentary position for which an illiterate person with a background in heavy labor is qualified, we find that a return of the cause to the commission for further consideration would be futile.

**{¶ 11}** Accordingly, the judgment of the court of appeals is affirmed, but for the reasons stated above.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————