THE STATE EX REL. HARTNESS, APPELLEE, *v.* THE KROGER COMPANY, APPELLANT; INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Hartness v. Kroger Co.* (1998), 81 Ohio St.3d 445.]

(No. 95–1405—Submitted January 20, 1998—Decided April 22, 1998.)

446

*Finkelmeier & Finkelmeier* and *William I. Farrell,* for appellee James Hartness.

*Porter, Wright, Morris & Arthur, Karl J. Sutter* and *Charles J. Kurtz III,* for appellant.

***Per Curiam.*** Where no evidence establishes that the claimant is capable of sustained remunerative employment, the commission's denial of PTD represents an abuse of discretion, and a writ of mandamus must issue to correct the abuse. *State ex rel. Yancey v. Firestone Tire & Rubber Co.* (1997), 77 Ohio St.3d 367, 673 N.E.2d 1374. Here, the parties do not dispute the evidence that shows Hartness's permanent, but only partial impairment, which Dr. Meyn assessed as a "31% whole man impairment" and Dr. Lim assessed at "45% * * * based on the body as a whole." Instead, they argue over whether the commission sufficiently accounted for Hartness's nonmedical factors as required by *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245. These nonmedical factors include attributes or experiences that permit his return to the workforce or that can be reasonably developed for this purpose. *State ex rel. Stephenson v. Indus. Comm.* (1987), 31 Ohio St.3d 167, 170, 31 OBR 369, 372, 509 N.E.2d 946, 949–950.

Kroger contends that the commission's order complies with *Noll* because it indicates reliance on Hartness's capacity for sedentary work within his physical restrictions, his thirty-nine-year-old youth, and his seventh-grade education. We disagree.

The court of appeals determined that the commission could not rely solely on Hartness's age in determining from his nonmedical factors that he was employable in a sedentary capacity, without explaining how Hartness could be retrained for such employment given his low education level. In *State ex rel. Hall v. Indus. Comm.* (1997), 80 Ohio St.3d 289, 685 N.E.2d 1245, we recently held that the commission cannot deny PTD based on impairment and youth if the claimant lacks the intellectual capacity to be retrained. *Id.* at 292, 685 N.E.2d at 1247. In *Hall,* as here, the claimant had worked only as a laborer, and an industrial injury (a back and psychiatric condition that combined to produce a fifty-six percent permanent partial impairment) reduced him to sedentary employment. The commission denied PTD based on his age, fifty-three, explaining that he was "young enough * * * to make retraining and rehabilitation [for sedentary employment] a probability." *Id.* at 291, 685 N.E.2d at 1246. We disagreed, holding that "[a]ge * * * is immaterial if [a] claimant lacks the intellectual capacity to learn." *Id.* at 292, 685 N.E.2d at 1247. Moreover, rather than ordering the commission merely to issue a new order in compliance with *Noll,* we ordered PTD pursuant to *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666. We determined that since "it is almost impossible to conceive of a sedentary position for which an illiterate person with a background in heavy labor is qualified, * * * a return of the cause to the commission for further consideration would be futile." *Hall, supra,* 80 Ohio St.3d at 292, 685 N.E.2d at 1247.

Hartness has not requested *Gay* relief, but our unanimous decision in *Hall* compels this result notwithstanding Kroger's contentions that the commission was not required to credit Dr. Farrell's vocational report and that the commission legitimately considered Hartness's failure to participate in vocational training opportunities. Accordingly, we affirm the court of appeals' judgment as to the inadequacy of the commission's explanation for denying PTD, but we further grant a writ of mandamus ordering the commission to award Hartness PTD on the authority of *Hall* and *Gay*.

*Judgment affirmed in part,*
*reversed in part*
*and writ granted.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

COOK and LUNDBERG STRATTON, JJ., dissent.

---

LUNDBERG STRATTON, J., dissenting. I respectfully dissent from the majority's order to the commission to award PTD on the authority of *Gay*. Although the lower court did not award the *Gay* relief as the claimant requested, the claimant did not appeal. It was appellant Kroger, not the claimant, that sought review of the appellate court's decision to issue a writ ordering the Industrial Commission to either grant or deny relief in accordance with the *Noll* requirements. Thus, the issue of *Gay* relief is not before this court. Consequently, I believe the majority's analysis of *Gay* is improper in the context of this case and outside our scope of review.

I would affirm the court of appeals and issue a writ of mandamus ordering the Industrial Commission to vacate its previous order and issue a new order that more specifically complies with the requirements of *Noll*.

COOK, J., concurs in the foregoing dissenting opinion.