**[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 445.]**

THE STATE EX REL. HARTNESS, APPELLEE, *v.* THE KROGER COMPANY, APPELLANT; INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Hartness v. Kroger Co.*, 1998-Ohio-458.]

*Workers' compensation—Industrial Commission's denial of application for permanent total disability compensation an abuse of discretion, when—Writ of mandamus ordering Industrial Commission to award claimant permanent total disability compensation granted, when.*

(No. 95-1405—Submitted January 20, 1998—Decided April 22, 1998.)

APPEAL from the Court of Appeals for Franklin County, No. 94APD06-885.

_____

{¶ 1} The Kroger Company, appellant, seeks reversal of the Franklin County Court of Appeals' judgment granting appellee James Hartness a writ of mandamus. The writ directed appellee Industrial Commission to vacate its order denying Hartness permanent total disability compensation ("PTD") and to issue a new order granting or denying this relief in compliance with the specificity requirements of *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245.

{¶ 2} Hartness injured his back in 1985 while working as a warehouseman for Kroger. His workers' compensation claim was allowed for "[l]ow back strain; herniated disc L5-S1 level, spondylolisthesis status post Gill procedure and psuedoarthrosis [*sic*]."[1] In July 1992, Hartness applied for PTD based on the report of Dr. Alfred Kahn III. Dr. Kahn examined Hartness in May 1992 and recorded this information:

_____

1. An earlier allowed injury for "[f]ull thickness skin loss right little finger" apparently has no residual effect.

"This gentleman is in for evaluation on his back. He had a recent evaluation by Dr. [Malcolm] Meyn [Jr.]. He was pretty sore after that work-up but by enlarge [*sic*], he feels pretty well. He has constant soreness but it was worse after the check-up. He has not quite gotten back to his normal level. I think he still may have pseudoarthritis formation at L4-5 and L-5-S1 but since he is functioning reasonably well in a light chairback brace, I am leaving him alone. I believe he should be on permanent and total disability. He has reached MMI. See back in three months."

**{¶ 3}** Hartness also submitted the September 23, 1993 vocational evaluation of Michael Farrell, Ph.D. Dr. Farrell concluded:

"In summary, it is my conclusion that Mr. Hartness [is] physically limited, at best, to a restricted range of sedentary jobs. To do the full range of sedentary jobs, an individual needs to be able to sit six hours of an eight hour day — this is the primary difference between sedentary jobs and jobs contained in most of the other exertional categories (i.e.: light, medium, heavy, and very heavy work). It further requires that he be able to use his hands and fingers for manipulations and engage in pulling/pushing activities of the upper and lower extremities (i.e.: sewing machine operator). Most jobs in the sedentary category are at least of a semi-skilled nature. Commonly, this category contains clerical type jobs which require at least elementary school level academic skills. As noted above, he is functionally illiterate, only has a 5th grade arithmetic skill level, has no measurable vocational skills other than mechanical reasoning, is intellectually functioning in the borderline range, and is therefore limited cognitively to work of an unskilled nature. It is my opinion that there are no jobs in significant numbers in the local economy for which he is qualified to perform given the combination of the above conditions. Therefore, it is my opinion that he should be considered permanently and totally disabled."

**{¶ 4}** In May 1994, commission staff hearing officers denied Hartness PTD, explaining:

"The claimant was examined by Dr. Meyn at the request of the Industrial Commission. Dr. Meyn opined that the industrial injury of 6-27-85 prevents the claimant from returning to his former position of employment. He further opined that the claimant has the following functional limitations due to the allowed conditions: no lifting over 7 pounds on a repetitive basis, no lifting over 10 pounds occasionally, and no bending, stooping, crawling or kneeling. Dr. Meyn opined that the claimant has full use of his upper extremities without limitations. He further opined that the claimant could perform a sedentary job which would allow him to get up from a sitting position and walk around frequently.

"The claimant was examined by Dr. [Edward] Lim, again at the request of the Industrial Commission. Dr. Lim opined that the industrial injuries prevent the claimant from returning to his former position of employment. He further opined that the claimant has the following limitations: No lifting in excess of 15 pounds from the waist or shoulder level, no operating vibrating equipment, no stooping, bending, twisting, crawling or pivoting and no use of hands above or away from him. Dr. Lim opined that the claimant would be able to perform sedentary desk job which would allow him to sit or stand on intermittent periods through out [*sic*] the day.

"The Staff Hearing Officers find that the industrial injuries prevent the claimant from returning to his former position of employment. The Staff Hearing Officers further find that the claimant is capable of performing sedentary employment with the limitations as set forth in the medical report of Dr. Meyn.

"The Staff Hearing Officers reviewed and evaluated the vocational report of Dr. Farrell.

"The Staff Hearing Officers find that the claimant is 39 years old, has a 7th grade education and work experience as a warehouseman and general construction laborer. The Staff Hearing Officers further find that the claimant has elected not to participate in rehabilitation services. The Staff Hearing Officers find that the

claimant's young age is an asset which would enable him to acquire the skills to perform sedentary work within his physical limitations. Accordingly, the Staff Hearing Officers find that the claimant is capable of engaging in sustained remunerative employment.

"The reports of Dr. Alfred Kahn, Dr. John Krieg, Dr. Edward Lim, Dr. Malcolm Meyn and the vocational report of Dr. [Michael] Farrell were reviewed and evaluated.

"This order is based particularly on the report(s) [of] Dr. Lim and Dr. Meyn with regard to impairment."

{¶ 5} Hartness subsequently requested a writ of mandamus from the court of appeals. He argued that (1) the commission's order did not comply with *Noll, supra*, by explaining how his nonmedical characteristics and his medical impairment combined to allow sustained remunerative employment; (2) the commission impermissibly denied PTD, in part, because he had chosen not to participate in a rehabilitation program; and (3) he was entitled to PTD under *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666. A referee rejected Hartness's second and third arguments, but agreed that the commission had not specified evidence establishing Hartness's aptitude for retraining and that its reliance on his youth alone was insufficient. The court of appeals overruled Kroger's objections, adopted the referee's report, and granted a writ ordering the commission's compliance with *Noll*.

{¶ 6} The cause is before this court upon appeal as of right.

———————————

*Finkelmeier & Finkelmeier,* and *William I. Farrell*, for appellee James Hartness.

*Porter, Wright, Morris & Arthur*, *Karl J. Sutter* and *Charles J. Kurtz III,* for appellant.

———————————

***Per Curiam.***

**{¶ 7}** Where no evidence establishes that the claimant is capable of sustained remunerative employment, the commission's denial of PTD represents an abuse of discretion, and a writ of mandamus must issue to correct the abuse. *State ex rel. Yancey v. Firestone Tire & Rubber Co.* (1997), 77 Ohio St.3d 367, 673 N.E.2d 1374. Here, the parties do not dispute the evidence that shows Hartness's permanent, but only partial impairment, which Dr. Meyn assessed as a "31% whole man impairment" and Dr. Lim assessed at "45% * * * based on the body as a whole." Instead, they argue over whether the commission sufficiently accounted for Hartness's nonmedical factors as required by *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245. These nonmedical factors include attributes or experiences that permit his return to the workforce or that can be reasonably developed for this purpose. *State ex rel. Stephenson v. Indus. Comm.* (1987), 31 Ohio St.3d 167, 170, 31 OBR 369, 372, 509 N.E.2d 946, 949-950.

**{¶ 8}** Kroger contends that the commission's order complies with *Noll* because it indicates reliance on Hartness's capacity for sedentary work within his physical restrictions, his thirty-nine-year-old youth, and his seventh-grade education. We disagree.

**{¶ 9}** The court of appeals determined that the commission could not rely solely on Hartness's age in determining from his nonmedical factors that he was employable in a sedentary capacity, without explaining how Hartness could be retrained for such employment given his low education level. In *State ex rel. Hall v. Indus. Comm.* (1997), 80 Ohio St.3d 289, 685 N.E.2d 1245, we recently held that the commission cannot deny PTD based on impairment and youth if the claimant lacks the intellectual capacity to be retrained. *Id.* at 292, 685 N.E.2d at 1247. In *Hall*, as here, the claimant had worked only as a laborer, and an industrial injury (a back and psychiatric condition that combined to produce a fifth-six percent permanent partial impairment) reduced him to sedentary employment. The

commission denied PTD based on his age, fifty-three, explaining that he was "young enough * * * to make retraining and rehabilitation [for sedentary employment] a probability." *Id.* at 291, 685 N.E.2d at 1246. We disagreed, holding that "[a]ge * * * is immaterial if [a] claimant lacks the intellectual capacity to learn." *Id.* at 292, 685 N.E.2d at 1247. Moreover, rather than ordering the commission merely to issue a new order in compliance with *Noll*, we ordered PTD pursuant to *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666. We determined that since "it is almost impossible to conceive of a sedentary position for which an illiterate person with a background in heavy labor is qualified, * * * a return of the cause to the commission for further consideration would be futile." Hall, *supra*, 80 Ohio St.3d at 292, 685 N.E.2d at 1247.

{¶ 10} Hartness has not requested *Gay* relief, but our unanimous decision in *Hall* compels this result notwithstanding Kroger's contentions that the commission was not required to credit Dr. Farrell's vocational report and that the commission legitimately considered Hartness's failure to participate in vocational training opportunities. Accordingly, we affirm the court of appeals' judgment as to the inadequacy of the commission's explanation for denying PTD, but we further grant a writ of mandamus ordering the commission to award Hartness PTD on the authority of *Hall* and *Gay*.

*Judgment affirmed in part,*
*reversed in part*
*and writ granted.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

COOK and LUNDBERG STRATTON, JJ., dissent.

———————————

**LUNDBERG STRATTON, J., dissenting.**

{¶ 11} I respectfully dissent from the majority's order to the commission to award PTD on the authority of *Gay*. Although the lower court did not award the

*Gay* relief as the claimant requested, the claimant did not appeal. It was appellant Kroger, not the claimant, that sought review of the appellate court's decision to issue a writ ordering the Industrial Commission to either grant or deny relief in accordance with the *Noll* requirements. Thus, the issue of *Gay* relief is not before this court. Consequently, I believe the majority's analysis of *Gay* is improper in the context of this case and outside our scope of review.

**{¶ 12}** I would affirm the court of appeals and issue a writ of mandamus ordering the Industrial Commission to vacate its previous order and issue a new order that more specifically complies with the requirements of *Noll*.

COOK, J., concurs in the foregoing dissenting opinion.

———————————