THE STATE EX REL. ROY, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Roy v. Indus. Comm.* (1998), 83 Ohio St.3d 199.]

(No. 95–1934—Submitted May 26, 1998—Decided September 23, 1998.)

*Kondritzer, Gold, Frank & Crowley Co., L.P.A.,* and *Lane N. Cohen,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Steven P. Fixler,* Assistant Attorney General, for appellee.

***Per Curiam.*** There are two general components to a review of a PTD denial: (1) "some evidence" of a medical capacity for some sustained remunerative employment and (2) an adequate analysis of claimant's nonmedical factors. See *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245. Because the present order satisfies both requirements, the judgment of the court of appeals is affirmed.

Dr. Hanington's report, on which the commission relied, is "some evidence" of a medical ability to work, assessing a low fifteen percent impairment.

Assessing the second element, we find the commission's nonmedical analysis acceptable as well. The commission was within its prerogative to find that claimant's age was an asset that countered the obstacles imposed by claimant's education. The commission assessed conflicting evidence about claimant's literacy and elected in favor of that which demonstrated some ability to read and write. This takes the case outside *State ex rel. Hall v. Indus. Comm.* (1997), 80 Ohio St.3d 289, 685 N.E.2d 1245, and *State ex rel. Hartness v. Kroger Co.* (1998), 81 Ohio St.3d 445, 692 N.E.2d 181, both of which held that illiteracy and a history of heavy labor can compel a PTD finding regardless of the claimant's age.

We find, therefore, that the commission did not abuse its discretion in denying PTD.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.