THE STATE EX REL. BUSWELL, APPELLEE AND CROSS-APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLANT AND CROSS-APPELLEE.

[Cite as *State ex rel. Buswell v. Indus. Comm.* (1998), 82 Ohio St.3d 102.]

(No. 95–2044—Submitted May 13, 1998—Decided June 10, 1998.)

104

*Philip J. Fulton & Associates* and *Corrine S. Carman,* for appellee and cross–appellant.

*Betty D. Montgomery,* Attorney General and *Yolanda V. Vorys,* Assistant Attorney General, for appellant and cross–appellee.

---

***Per Curiam.*** Subsequent to the issuance of the court of appeals' decision in this case, we decided *State ex rel. Draganic v. Indus. Comm.* (1996), 75 Ohio St.3d 461, 663 N.E.2d 929. There, we reversed the decision presently relied upon by the court below, and held that the commission was not bound by a prior interlocutory order for the award of permanent total disability compensation.

Our decision in *Draganic* disposes of all the issues currently presented but one—claimant's request for relief pursuant to *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666. Upon review, we find relief consistent with *Gay* to be inappropriate.

We initially find "some evidence" in support of the commission's conclusion that claimant is medically capable of sustained remunerative employment. Drs. Brown and Zellers found claimant physically capable of sustained remunerative

employment. Dr. Altman made a similar finding with regard to claimant's allowed psychiatric condition. Finally, Dr. Holbrook felt that the conditions cumulatively permitted sedentary employment.

Turning to the commission's nonmedical analysis, we find that it satisfies the requirements of *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245. Stressing claimant's relatively young age and her education, the commission found claimant to have many sedentary career options both within and outside the field of health care. While the claimant has asked us to view her education in a less favorable light than did the commission, we decline to so do, recognizing the commission's exclusive role as interpreter of evidentiary weight and credibility. *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936. Accordingly, our finding of *Noll* compliance negates claimant's eligibility for relief under *Gay.*

For the foregoing reasons, the judgment of the court of appeals is reversed.

*Judgment reversed.*

MOYER, C.J., F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS and RESNICK, JJ., dissent.