[This opinion has been published in *Ohio Official Reports* at 82 Ohio St.3d 102.]

THE STATE EX REL. BUSWELL, APPELLEE AND CROSS-APPELLANT, *v.*

INDUSTRIAL COMMISSION OF OHIO, APPELLANT AND CROSS-APPELLEE.

[Cite as *State ex rel. Buswell v. Indus. Comm.*, 1998-Ohio-262.]

*Workers' compensation—Industrial Commission not bound by a prior interlocutory order for the award of permanent total disability compensation—Industrial Commission's order denying permanent total disability compensation supported by "some evidence," when.*

(No. 95-2044—Submitted May 13, 1998—Decided June 10, 1998.)

APPEAL and CROSS-APPEAL from the Court of Appeals for Franklin County, No. 94APD09-1309.

————————————

{¶ 1} Claimant Sharon E. Buswell, appellee and cross-appellant, sustained an industrial injury in 1982 while employed as a staff nurse for First Community Village. Her workers' compensation claim was allowed for "strain of neck, strain of middle back and low-back; reactive depression."

{¶ 2} In 1992, she moved appellant and cross-appellee, Industrial Commission of Ohio, for permanent total disability ("PTD") compensation. She accompanied her application with the May 16, 1992 report of Roseanne F. Umana, Ph.D., who stated that claimant was psychiatrically incapable of work.

{¶ 3} Several other reports were also before the commission. Dr. John Q. Brown noted "relatively mild" physical findings and assessed a twenty percent physical impairment that would permit claimant to do sedentary work. Dr. Gordon Zellers also found that claimant's physical condition permitted sedentary to light work. Dr. Jerold H. Altman found no psychiatric impediment whatsoever to a resumption of work. A combined-effects review from Dr. Walter A. Holbrook also found a capacity for sedentary work.

**{¶ 4}** In an August 3, 1993 interlocutory order, the commission awarded PTD compensation for a closed period. At the expiration of that period, the commission, on December 28, 1993, denied further PTD compensation, writing:

" * * * This order is based particularly upon the reports of Drs. J. Q. Brown, Altman, Holbrook and Zellers.

"It is found the claimant retains the residual functional capacity to perform light to sedentary employment based upon the conditions allowed in this claim. This finding is based upon reports of Drs. Holbrook, J.Q. Brown and Zellers. Dr. Zellers examined the claimant on 4/7/92 and found she is physically capable of performing light duty work. Dr. J.Q. Brown, disinterested orthopedic specialist, found a 20% permanent partial physical impairment, noting the physical findings were relatively mild. Dr. Holbrook performed a combined effects review and concluded that the claimant is physically capable of sedentary employment. It is further found the allowed reactive depression is not work prohibitive and would not prevent the claimant from resuming her former position of employment. This finding is based upon the report of Jerold Altman, M.D., psychiatrist. Dr. Holbrook also did not place any restriction based upon the allowed psychiatric condition. It is further noted this claimant has non-allowed physical and psychiatric conditions which are causing disability. In 1982 Drs. Sadar and Wolfe diagnosed fibromyositis. Dr. Wolfe reported again in November, 1991 that the claimant's neck and low back condition continues to be myofascial in nature with some early degenerative disc or joint disease in the lumbar spine.

"The fibrositis as diagnosed by Dr. Wolfe is not allowed in this claim. Additionally, the claimant was hospitalized in 1983 for treatment of 'bipolar affective disease/manic.' In August and September of 1984[,] Dr. D.R. Thoward [*sic*], psychiatrist, diagnosed 'schizoaffective disorder, borderline personality organization' and recommended day hospital treatment for at least one year[']s duration. The claimant was then treated in an outpatient program at Harding

Hospital, per Dr. Thorward's recommendation, for a number of years. These psychiatric conditions are separate from the allowed reactive depression.

"The claimant is almost 50 years of age and has worked as a Licensed Practical Nurse. She has had extensive education at Columbus State Community College, Hocking Tech and Columbus School of Nursing. She has her L.P.N. degree. She returned to school in 1983 and completed one quarter of a one-year program to update her training to R.N. She was accepted into an occupational therapy training program in 1990, however, she decided not to attend the program. Considering the claimant's age of 50 and her extensive education[,] it is found she has the capability to obtain employment within her functional capabilities if she so chooses considering only the allowed conditions. The claimant has at least 15 productive years remaining in the work force. With her educational level she could leave the health care field and pursue other forms of light to sedentary employment, i.e.[,] inventory control, sales, clerical, etc. She also has options remaining in the health care field if she pursued further education such as her R.N. license or occupational therapy training. There are job opportunities for R.N.'s which are sedentary in nature such as case reviews for insurance companies. Therefore, the claimant is not permanently and totally disabled as a result of the allowed conditions in this claim."

{¶ 5} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying PTD compensation. The court of appeals, based on *State ex rel. Draganic v. Indus. Comm.* (Sept. 22, 1994), Franklin App. No. 93APD10-1491, unreported, 1994 WL 521157, held that the commission was bound by its August 3, 1993 order and therefore abused its discretion in denying further PTD compensation. The court, however, then reviewed the PTD denial order, determined that it did not satisfy *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245, and returned the cause for further consideration and amended order.

**{¶ 6}** This cause is now before this court upon an appeal and cross-appeal as of right.

————————————

*Philip J. Fulton & Associates* and *Corrine S. Carman*, for appellee and cross-appellant.

*Betty D. Montgomery*, Attorney General and *Yolanda V. Vorys*, Assistant Attorney General, for appellant and cross-appellee.

————————————

***Per Curiam.***

**{¶ 7}** Subsequent to the issuance of the court of appeals' decision in this case, we decided *State ex rel. Draganic v. Indus. Comm.* (1996), 75 Ohio St.3d 461, 663 N.E.2d 929. There, we reversed the decision presently relied upon by the court below, and held that the commission was not bound by a prior interlocutory order for the award of permanent total disability compensation.

**{¶ 8}** Our decision in *Draganic* disposes of all the issues currently presented but one—claimant's request for relief pursuant to *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666. Upon review, we find relief consistent with *Gay* to be inappropriate.

**{¶ 9}** We initially find "some evidence" in support of the commission's conclusion that claimant is medically capable of sustained remunerative employment. Drs. Brown and Zellers found claimant physically capable of sustained remunerative employment. Dr. Altman made a similar finding with regard to claimant's allowed psychiatric condition. Finally, Dr. Holbrook felt that the conditions cumulatively permitted sedentary employment.

**{¶ 10}** Turning to the commission's nonmedical analysis, we find that it satisfies the requirements of *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245. Stressing claimant's relatively young age and her education, the commission found claimant to have many sedentary career options

4

both within and outside the field of health care. While the claimant has asked us to view her education in a less favorable light than did the commission, we decline to so do, recognizing the commission's exclusive role as interpreter of evidentiary weight and credibility. *State ex rel. Burley v. Coil Packing, Inc. (*1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936. Accordingly, our finding of *Noll* compliance negates claimant's eligibility for relief under *Gay*.

{¶ 11} For the foregoing reasons, the judgment of the court of appeals is reversed.

*Judgment reversed.*

MOYER, C.J., F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS and RESNICK, JJ., dissent.

_____