THE STATE EX REL. TAPP, APPELLEE, *v.* PARSEC, INC.; INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLANTS.

[Cite as *State ex rel. Tapp v. Parsec, Inc.* (1998), 82 Ohio St.3d 417.]

(No. 95-2364—Submitted May 26, 1998—Decided July 29, 1998.)

*Butkovich, Schimpf, Schimpf & Ginocchio Co., L.P.A., James A. Whittaker* and *Stephen P. Gast,* for appellee.

*Betty D. Montgomery,* Attorney General, and *Steven P. Fixler,* Assistant Attorney General, for appellants.

---

DOUGLAS, J. The court of appeals' decision, granting appellee's requested writ of mandamus, was based upon *State ex rel. Draganic v. Indus. Comm.* (Sept. 22, 1994), Franklin App. No. 93APD10–1491, unreported, 1994 WL 521157. However, this court has since reversed the Tenth District Court of Appeals' *Draganic* decision in *State ex rel. Draganic v. Indus. Comm.* (1996), 75 Ohio St.3d 461, 663 N.E.2d 929. A majority of this court in *Draganic* held that the commission is not bound by an approved closed-period interlocutory order issued by a commission deputy who has determined that a claimant is permanently and totally disabled. Moreover, we also recognized in *Draganic* that a commission's order denying permanent and total disability compensation may be vacated in accordance with *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666, or *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245.

Accordingly, in the case now before us, the judgment of the court of appeals is reversed, and the cause is remanded to that court to determine the merits of appellee's request for a writ of mandamus. Upon remand, the court of appeals has the option to deny the requested writ, to vacate the order of the commission

and order further proceedings pursuant to *Noll,* or to grant the writ and relief pursuant to *Gay.*

*Judgment reversed*
*and cause remanded.*

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.