[This opinion has been published in *Ohio Official Reports* at 82 Ohio St.3d 417.]

THE STATE EX REL. TAPP, APPELLEE, *v.* PARSEC, INC.; INDUSTRIAL

COMMISSION OF OHIO ET AL., APPELLANTS.

[Cite as *State ex rel. Tapp v. Parsec, Inc.*, 1998-Ohio-227.]

*Workers' compensation—Industrial Commission not bound by an approved closed*
*period interlocutory order issued by a commission deputy who has*
*determined that a claimant is permanently and totally disabled—Options*
*available to court of appeals on remand.*

(No. 95-2364—Submitted May 26, 1998—Decided July 29, 1998.)

APPEAL from the Court of Appeals for Franklin County, No. 95APD01-13.

_____

{¶ 1} On December 6, 1984, appellee, Joseph R. Tapp, sustained injuries in the course of and arising from his employment with Parsec, Inc. Appellee had also suffered industrial injuries in 1978 and 1981, and his workers' compensation claims were allowed. A workers' compensation claim resulting from the December 1984 injury was recognized for "[f]racture of left ankle, non-displaced fracture, intervertebral disc displacement L4, and subluxation L4." As a result of his injuries, appellee, on January 20, 1993, filed an application for permanent and total disability compensation.

{¶ 2} On March 18, 1993, appellant Industrial Commission of Ohio held a hearing on the issues of temporary total and permanent total disability compensation. The staff hearing officer terminated temporary total disability compensation, finding that appellee's condition had become permanent. In a separate interlocutory order, the same hearing officer, acting as a commission deputy, awarded appellee permanent total disability compensation for the closed period from March 19, 1993 to June 28, 1993. In the order, the deputy wrote:

"The reports of doctor(s) Hanington, King and Rolfes [*sic*] were reviewed and evaluated.

"This order is based particularly upon the report(s) of Dr. Rolfes [*sic*], DC, Chiropractor, for the Bureau of Workers' Compensation, dated 8/21/92, who found the claimant will be unable to perform any occupational duties[;] Dr. King, DC, for the claimant, dated 12/7/92, who found the claimant will never perform any gainful employment[; and a] consideration of the claimant's age of 61, his 8th grade education, a work history which included work as a truck driver, the evidence in the file and the evidence adduced at the hearing."

{¶ 3} The interlocutory order was signed and approved by the commission. Thereafter, the commission conducted a hearing with respect to appellee's application for permanent total disability. In an order mailed August 27, 1993, the commission denied appellee's application, stating:

"That the Commission find from proof of record that the claimant is not permanently and totally disabled for the reason that the disability is not total; that is, the claimant is able to perform sustained remunerative employment, that therefore the Permanent Total Disability Application, filed 1/20/93 be denied.

"The reports of Doctors(s) King, Tecklenburg, Rohlfs, and Hannington [*sic*] were reviewed and evaluated. The order is based particularly upon the reports [*sic*] of Doctor Hannington [*sic*], evidence in the file and/or evidence adduced at the hearing.

"The claimant is 61 years old[;] he completed the eighth grade. He has work experience as a truck driver, crane operator, and warehouseman. The claimant can read, write, and do basic math. The claimant continued to work for approximately five years after the most recent date of injury. Dr. Hannington [*sic*] supports work restrictions against activities involving repetitive bending, stooping, lifting, squatting, or carrying of weights in excess of 20 to 30 pounds. The claimant could engage in work activities which involve the use of his upper extremities, walking,

2

sitting, or standing, as long as the latter two were not required constantly throughout the work day. Based upon all the above factors, including the claimant's ability to read, write, and do basic math, it is concluded that the claimant retains the physical and mental abilities to engage in sustained remunerative employment within the restrictions listed by Dr. Hannington [*sic*]. Therefore, the claimant is not Permanently and Totally disabled."

{¶ 4} On January 5, 1995, appellee filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that there was no evidence to support the commission's order denying his application for permanent total disability compensation. The court of appeals, citing its own decision in *State ex rel. Draganic v. Indus. Comm.* (Sept. 22, 1994), Franklin App. No. 93APD10-1491, unreported, 1994 WL 521157, granted the requested writ of mandamus, directed the commission to vacate its order, and ordered the commission to grant appellee permanent total disability compensation.

{¶ 5} This cause is now before this court upon an appeal as of right.

_____

*Butkovich, Schimpf, Schimpf & Ginocchio Co., L.P.A.*, *James A. Whittaker* and *Stephen P. Gast*, for appellee.

*Betty D. Montgomery*, Attorney General, and *Steven P. Fixler*, Assistant Attorney General, for appellants.

_____

**DOUGLAS, J.**

{¶ 6} The court of appeals' decision, granting appellee's requested writ of mandamus, was based upon *State ex rel. Draganic v. Indus. Comm.* (Sept. 22, 1994), Franklin App. No. 93APD10-1491, unreported, 1994 WL 521157. However, this court has since reversed the Tenth District Court of Appeals' *Draganic* decision in *State ex rel. Draganic v. Indus. Comm.* (1996), 75 Ohio St.3d 461, 663 N.E.2d 929. A majority of this court in *Draganic* held that the commission

is not bound by an approved closed-period interlocutory order issued by a commission deputy who has determined that a claimant is permanently and totally disabled. Moreover, we also recognized in *Draganic* that a commission's order denying permanent and total disability compensation may be vacated in accordance with *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666, or *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245.

**{¶ 7}** Accordingly, in the case now before us, the judgment of the court of appeals is reversed, and the cause is remanded to that court to determine the merits of appellee's request for a writ of mandamus. Upon remand, the court of appeals has the option to deny the requested writ, to vacate the order of the commission and order further proceedings pursuant to *Noll*, or to grant the writ and relief pursuant to *Gay*.

*Judgment reversed*

*and cause remanded*.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____