MEMORANDUM DECISION
Jose Cuevas filed this action in mandamus in 1994 seeking a writ which would compel the Industrial Commission ("commission") to vacate its order denying him wage loss compensation. In 1995, the court denied him relief as to wage loss compensation, but permitted him to amend his complaint to include a claim in regard to permanent total disability compensation.
In 1996, the court ordered that a writ of mandamus be issued and that the writ compel the commission to re-instate permanent total disability compensation. This court's order was based upon the court's earlier decision in State ex rel. Draganic v. Indus. Comm. (Sept. 22, 1994), Franklin App. No. 93APD10-1491, unreported (1994 Opinions 4441).
In May of 1996, the Supreme Court of Ohio reversed our decision inDraganic. In October of 1998, the Supreme Court reversed our decision in this case and remanded the case for further proceedings in accord with State ex rel. Tapp v. Parsec, Inc. (1998),82 Ohio St.3d 417.
Following the Supreme Court's reversal in the case, the case was returned to a magistrate of this court to conduct further appropriate proceedings. Counsel for the respective parties accepted the record previously stipulated as the evidentiary basis for resolving the case. The parties then filed additional briefs.
In March of 1999, the magistrate issued a magistrate's decision which contains detailed findings of fact and conclusions of law. The magistrate's decision includes a recommendation that this court issue a limited writ of mandamus on the issue of the entitlement of Mr. Cuevas to permanent total disability compensation.
Counsel for Mr. Cuevas has filed objections to the magistrate's decision, requesting that we grant a full writ of mandamus in accord withState ex rel. Gay v. Mihm (1994), 68 Ohio St.3d 315. Counsel for the commission and counsel for Columbia Iron and Metal Company, Mr. Cuevas's former employer, have each filed a memorandum in opposition to the objections. The case is now before the court for a full, independent review.
Mr. Cuevas suffered a series of injuries to his lower extremities between 1978 and 1987. In 1989, his treating physician provided a report which indicated that Mr. Cuevas was permanently and totally disabled. A commission orthopedic specialist examined Mr. Cuevas and concluded that Mr. Cuevas was capable of sustained remunerative employment, although not capable of resuming his earlier work activities.
In November of 1989, the commission entered an interlocutory order granting permanent total disability compensation from the date of hearing until May of 1990. This period of compensation was subsequently extended to September of 1990.
In the meantime, both the treating physician and the commission specialist provided additional reports which reaffirmed their respective opinions regarding Mr. Cuevas's disability. The former employer also had Mr. Cuevas examined and that physician found Mr. Cuevas capable of light or sedentary work which did not require frequent climbing, frequent squatting or prolonged walking.
In December of 1990, the commission entered an order in which it found Mr. Cuevas no longer to be entitled to permanent total disability compensation. The order entered at that time was found by this court to be insufficient, so a limited writ was ordered in accord withState ex Noll. v. Indus. Comm. (1991), 57 Ohio St.3d 203.
After the remand to the commission, a new order was entered, again denying permanent total disability compensation for Mr. Cuevas. The new order is also clearly insufficient, especially its discussion of the impact of the factors to be considered under State ex rel. Stephenson v. Indus. Comm.
(1987), 31 Ohio St.3d 167.
The record before us does not indicate any impairment of the upper extremities. However, the record also demonstrates the existence of a number of factors which will hinder Mr. Cuevas's potential for future employment. Under the circumstances, a detailed weighing of the positives and negatives is necessary. Also, the information available in the record is so dated that an intelligent assessment of the employment potential for Mr. Cuevas is not possible.
We, therefore, do not feel that it is appropriate to grant Gay relief at this time. As a result, we overrule the objections to the magistrate's decision. We adopt the findings of fact and conclusions of law contained in the magistrate's decision. We grant a writ of mandamus which compels the commission to vacate its order dated February 6, 1992; to enter a new order which fully addresses the pertinent factors; and to reach a well-reasoned decision about whether Mr. Cuevas is or is not entitled to permanent total disability compensation.
Objections overruled; writ granted.
PETREE and DESHLER, JJ., concur.